## ESTATE OF J. J. MAZURIE, DECEASED.

APPEAL BY J. V. MAZURIÉ, JR., ET AL., FROM THE COURT
OF COMMON PLEAS NO. 4 OF PHILADELPHIA COUNTY.

Argued January 16, 1890—Decided February 3, 1890.

By the will of a testator, his estate, both real and personal, was limited to
his son for life and in trust for his children, and it was further provided:
"But that he [the son] will receive and enjoy with his childrens the in-
terest or income of said estate during his life:" in such case, the son
was entitled to receive all the income during said period.

Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS, MC-
COLLUM and MITCHELL, JJ.

No. 101 July Term 1889, Sup. Ct.; court below, No. 73,
Trustees' Docket G. 1870.

The account of the Pennsylvania Company for Insurances on
Lives and Granting Annuities, as trustee of the estate of J. J.
Mazurié, was filed, and referred to *Mr. W. W. Kerr*, as auditor.

It was found by the auditor that J. J. Mazurié, otherwise
Jacques Jean Patient Mazurié, executed his will February 20,
1822, giving and devising two thirds of his estate to his wife, and
the other third to his son James Victor Mazurié, who was "at
the death of his mother to become, or he becomes sole heir of
all I have bequeathed to her." His wife and his friend, J. H.
Roberjot, "Mr. Stephen Girard's clerk," were appointed execu-
tors of his will, "and also testamentary guardians of the person
and estate of my said son during his minority." On March 9,
1822, a codicil to his will was executed, which was as follows:

"A supplemental act of James John Mazurié: Having re-
flected and apprehending to leave any trouble to my beloved
wife after my death, I wish to alter part of my will, and I do
alter it, which is only with regard to my son James Victor, and
which I think will turn to his advantage hereafter; that is, that
my wish is to annul and do annul it, the word during his minority,
and to insert in its stead, the word when he attains his thirtieth
year, and not before, at which time a transfer will be made to
him, that is in his name, but in trust for the benefit of his child-

### Statement of Facts.

ren, or childrens, of his third, according to my will, here above;
and till he attains his thirtieth year he will be maintained by
his mother, that will be at liberty to allow him the nett or clear
third of his incomes if she think it proper; if not, only what-
ever she wishes, according to his behavior, and then he will
have no right to bring her to an account for what she may have
paid, disbursed, or advanced him, to the term of his thirtieth
year, at which time, there will be an evaluation made of all the
property, (household furniture, etc., hereinbefore mentioned,
excepted,) which I have bequeathed to her during her life, and
afterward to our said son for the benefit of his childrens; and
after the evaluation made, my wife will have the privilege of
holding at the evaluation prices whatever property she thinks
proper for her two third; after which the transfer of the other
third of my estate will be made over to him for the benefit of his
childrens, if any he has lawfully, to be divided among them
equally after his death, and they of age, and if he leave no heir or
heiress and should die before his mother, it goes to her, and after
her death the whole of my estate shall go to my real heirs, that is
in case that our beloved son James Victor do not get married, and
has no childrens, but if he has any my wife's two third after her
death will be transferred to him for the benefit of his children
as before mentioned and no otherwise.     But that he will receive
and enjoy with his childrens the interest or incomes of said es-
tate during his life, and if he has no childrens after he attains
his thirtieth year of age he is only to enjoy of the interest or
income of my estate during his life, and not to dispose of the
capital, I mean of any part of my real or personal estate, as it
is to go to my real heirs after my wife's death and his death if
he has no childrens; and if it should be that any part of my
stocks or real property should be realized in cash, in such case
the administrators will do their best to invest the said money
in some other stocks or real estate, and likewise the cash, if
any I leave in banks or any money received of my outstanding
debts, I say to have the whole invested as before mentioned in
stocks or real property."

James Victor Mazurié, the testator's son, survived his father
and mother, and at the time of the audit he had nine children
living.    Three of these children, James Victor, Jr., Francis,
and Caroline, claimed to be entitled to receive each one share

Auditor's Report.

of the income of the estate with their father and the other children. The auditor reported as follows:

The guiding points of the present case are these : The testator by his original testamentary act made his son, who was then living, the beneficiary of his entire estate, securing to his mother the enjoyment of part of the yield for her life, giving him the rest and bestowing upon him absolutely the principal, to be at his disposal after he had attained his majority and his mother had died. These provisions as to the son were modified by the codicil. How far they were modified is the question here ; but that they were modified in some particulars remains beyond dispute. The son was not to have the absolute disposal of the principal of the estate in any event; he was not to receive the income at his majority, and he was not to have the absolute disposal of the income even after such time as was appointed for his receiving of it.

If the contention of the son is sustained by the auditor, several of these important facts must be left out of view, and the general result of the codicil will be to secure to the son a life interest. But this result could only be attained by our overthrowing what must be regarded as an express trust. We cannot lose sight of the directions indicating this. The testator has provided, among other things, for his son's living to have children, and, also, for his son's living having no children. In the former contingency, the son is to enjoy the income with the children ; in the latter contingency, he is to enjoy the income himself. Obviously it was not necessary for the testator to provide thus for the latter contingency at all, if he did not mean to affect the enjoyment of the income. The exclusive enjoyment of the yield of the estate is secured to the son only in the event of his being childless. This consideration should be sufficient to determine the point, independently of the language of the clause relating to the enjoyment after children are born.

Then it is to be noted that the son is certainly made trustee in respect of some property. . This trust cannot be disregarded. But if the entire estate is given to him for his life, it is disregarded, and there is an annulment of the direction that it is given him for the benefit of his children and not otherwise, and that he shall receive and enjoy with them the interest or

### Auditor's Report.

income during his life. The verbal criticism is apposite, that the use of the copulative "with" indicates contemporaneity of, and not succession in, enjoyment.

The son being a trustee is certainly not a trustee to support remainders, for his office expires at his death, till when the particular estate stands. Nor is he a trustee to exclude any one or more of his children; for participation, not exclusion, is commanded. The provision is beneficent in that it secures to him and to all of his offspring, no matter when born, the enjoyment of the estate; and it seems conclusive against the contention that he was to withhold everything from them.

—After discussing by an elaborate examination: Robinson v. Tonge, 8 Ves. 142; Woods v. Woods, 1 Mylne & C. 401; White v. Williamson, 2 Gr. 249; Fox v. Dunmon, 4 Phila. 323; Coursey v. Davis, 46 Pa. 25; Heck v. Clippenger, 5 Pa. 385; Graham v. Flower, 13 S. & R. 439; Shirlock v. Shirlock, 5 Pa. 367; Brink v. Michael, 31 Pa. 165; Haskins v. Tate, 25 Pa. 249; McKeehan v. Wilson, 53 Pa. 74; Mitchell v. Long, 80 Pa. 516, the auditor concluded:

It seems clear that the intention of J. J. Mazurié, the present testator, can be carried out only by an adjudication that his son, James Victor Mazurié, Sr., takes as trustee the yield of the estate passing under the will, and that all his children are entitled to an account and to share in the enjoyment thereof: Woods v. Woods, 1 Mylne & C. 401; 2 Lead. C. in Eq., *723 –725; Berry v. Bryant, 2 Drew & Sm. 1.

It was contended on the part of James Victor Mazurié, Sr., that if the auditor was of an opinion favorable to the claim of. the children, he could not make an award to them in this proceeding, because the son was entitled to all of the money in the first instance, no matter what his duty in respect of it. The auditor cannot concur in this view. This is a case in which, as the auditor finds, a trust is clearly established, whilst the trustee persists in a denial of it and claims part of the fund in opposition to the true beneficiaries. He demands distribution here in violation of his trust. As he and all interested are before the auditor, and the fund is in control of the court, it is not necessary to turn over to another litigation the parties whose rights must be recognized: Dundas's App., 73 Pa. 474.

—The auditor thereupon reported a distribution of income

Opinion of Court below.

giving one tenth to each of the three claimants, and seven tenths to James Victor Mazurié, Sr.

Exceptions filed to the auditor's report by James Victor Mazurié, Sr., were disposed of after argument before the court in banc, by the following opinion, ARNOLD, J.:

Jacques Jean Patient Mazurié was the lawyer's friend. He wrote his own will, with the usual result.*

The interpretation of that will and the settlement of the rights of the persons claiming under it, have caused disputes and litigation, engaging the services of lawyers and the attention of judges from the date of the probate of the will, in 1822, down to the present time. This is the fourth suit in which a question has been raised as to the meaning of that will, of sufficient importance to call for earnest argument, patient hearing, and judicial opinion. The first question which was mooted, was whether the testator's widow took a life-estate or a fee under the will. The Supreme Court decided that she took a life-estate only: See Roberjot v. Mazurié, 14 S. & R. 42, where the will is printed at length. Of this testament, Mr. Justice DUNCAN said: "No other man's will can guide us in the construction of this man's will, . . . . and we are sensible of the kindness of counsel in relieving us from the fatigue of hearing numerous cases on the ill-expressed wills of other men." To which we may add, that, as no other will can be cited as a precedent in construing this will, so we feel assured that it is not likely to be used as a precedent for construing, nor, we hope, for drawing, any other will.

The testator left a widow and one son, James Victor Mazurié, who was born in the year 1811. The widow intermarried with John B. Smith, and in consequence of a disagreement about the management of the share, one third, of the estate bequeathed to the son, an agreement was entered into on March 20, 1838, by which his share was vested in trustees, subject to the disposition made of it by the will of the testator. The Pennsyl-

---

"When a festive occasion your spirit unbends,
  You should never forget the Profession's best friends;
  So we'll send round the wine, and a light bumper fill,
  To the jolly testator who makes his own will."

*See "The jolly testator who makes his own will:" 7 Amer. L. Rev. 387.

Opinion of Court below.

vania Company for Insurances on Lives, etc., is the present trustee, and its account is now before the court for adjudication.

In the year 1876, the said James V. Mazurié, the son, filed a bill in equity in the Court of Common Pleas No. 1, for the purpose of having his rights under the will determined, claiming that he was entitled to a fee, and asking for a cessation of the trust.   The result of that proceeding was a decree that he was entitled to a life-estate only: See Mazurié v. Penna. Annuity Co., 11 Phila. 208.   That decree was affirmed on appeal, the Supreme Court saying: " The estate which James Victor Mazurié took under his father's will, both of the real and personal estate, was limited to him for life, and in trust for his children. . . . . The limitation is not to him and his heirs, but to his children after his death, by equal division.   His own interest was in the interest and income only during life."   [Unreported.]

In the meanwhile, James V. Mazurié filed a petition in the Orphans' Court for a decree that he was entitled to have and enjoy an absolute estate in the personal property included in the share, two thirds, bequeathed to his mother for life, she having died on July 5, 1871, and for a citation to the said Pennsylvania Company, administrator of his father's estate, with the will annexed, to file an account: See Mazurié's Est., 11 Phila. 143.   The result was a decree by that court that James V. Mazurié was entitled to a life estate only, but that he might have the possession of the personal property on entering security for the protection of those entitled in remainder.

The trustee under the deed above mentioned having filed its account, a claim was made on behalf of three of the children of James V. Mazurié for a present participation with their father in the income of the trust estate.   He has nine children, the oldest born in 1838 and the youngest in 1866.   Six of the children make no claim, but three do.   The auditor has divided the income into tenths, and awarded one tenth to each of the children claiming, and the remaining seven tenths to their father.

It would be difficult to sustain such an award, even if the auditor were right in his opinion that James V. Mazurié is not entitled to the whole of the income during his life.   But that he is so entitled has, in effect, been twice decided.   It is true that the children were not parties to any proceeding in

which that conclusion was arrived at, but the fact remains that the question itself has been decided, and of course that fact has great weight in the present controversy.

Taking the will itself, we may easily see that many of the words and phrases in it have no bearing upon the question now before us, and that we have to consider merely a line or two of it, in determining the rights of the son of the testator and his children. The clause, " But that he [the son] will receive and enjoy with his childrens the interest or incomes of said estate during his life, " contains all that bears upon the present controversy. By that clause he will receive all of the income. His children are not entitled to any of it during his life. When it is received, he will enjoy it with his children, and he, as the head of the family, will regulate the manner of the enjoyment. A devise of a plantation to " be equally divided amongst my son Robert's children, he and them enjoying the benefits of it whilst he lives," was held to give a life-estate in the premises to the son, and that the division among the children was to be made at his death : Haskins v. Tate, 25 Pa. 249. As an authority upon the mode and order of the time of enjoying a devise to a father and his children, this seems to be in point. " It is unreasonable to suppose that the testator was intending that his son's children should claim and divide with their father in his lifetime," said Chief Justice LOWRIE. A life-estate owned by one person in his own right, a part of the income of which is to be received by another for his own use, is a new kind of estate. Ownership carries with it the right to the income, as the right to the income carries with it the ownership.

If we were in doubt upon the subject, we would adopt the general rules of inheritance ; that is, award the income to the father during his life, and the remainder to his children ; according to the well-settled rule that where the meaning of a will is doubtful, the courts adopt the principles of the intestate law, not as a binding rule, but as a safe guide in unbeaten paths : France's Est., 75 Pa. 220 ; Grim's App., 89 Pa. 333 ; Dunlap's App., 116 Pa. 500.

The exceptions to the auditor's report are sustained, and the balance of income in the hands of the trustee, less the costs and expenses, is now awarded to James V. Mazurié, Sr.

—A final decree having been entered, the claimants took this appeal, specifying that the court erred in sustaining the exceptions filed, and in not confirming the report of the auditor.

*Mr. Wm. W. Wiltbank* (with him *Mr. Henry C. Hiles*), for the appellants.

*Mr. J. M. Pile* and *Mr. E. H. Hanson*, for the appellee.

PER CURIAM:
This case is affirmed upon the opinion of the learned judge of the court below.

Decree affirmed and the appeal dismissed at the costs of the appellants.