*493 OPINION.
Phillips:
Several errors were assigned in the petition and urged in the brief filed by petitioner. It is the contention of the petitioner that under the will of Jacob Haller, construed in the light of the surrounding circumstances at the time of his death, one-seventh of the income is distributable to her and one-seventh to each of the children who were living during the taxable years. With this contention we can not agree. The courts of Pennsylvania, in construing similar language in other wills, have held that there was created a life estate in the person designated to receive the income for the benefit of himself and others. In re Paisley's Appeal, 70 Pa. St. 153; Appeal of Mazurie, 132 Pa. St. 157; 19 Atl. 29; In re Cressler's Estate, 29 Atl. 90. Under these decisions of the Supreme Court of Pennsylvania the children would not have been in any position, by reason of the provisions of the will of the decedent, to require any accounting from their mother.
It is urged that the circumstances surrounding the decedent at the time he executed the codicil and at the time of his death indicate that he intended his wife and his children to share equally in the profits of the business. With this we can not agree. We find nothing which would indicate that he intended the mother to be accountable to the children for a seven-eighths or a six-sevenths interest in *494 the profits of the business. All of the children were living at home and none of them were of age. The business was not very large but apparently sufficiently large for the comfortable support of the family as a unit. Everything indicates that while the decedent desired his sons to continue in the business, and eventually desired his children to own it, it was also his intention, so long as the mother lived, that she should remain the head of the household and in a position to control the income and its distribution. There is no basis on which we can say that it was the intention of the testator that his widow should be under the duty to pay over to the children any part of the income which, under the will, was payable to her. Nor is there any evidence sufficiently definite to permit us to determine that the operation of the business was continued under any agreement which superseded the provisions of the will. It is true that the widow did not withdraw all of the profits from the business but only withdrew those sums which she needed, leaving the balance in the business. It is also true that the children withdrew certain sums from the business from time to time in addition to the salaries which were paid to the sons who were actively engaged in the business, but this was done at the suggestion of one of such sons and with the consent of all concerned. The picture presented is one of a united family working harmoniously together to build up a business, the widow being content to receive a comfortable livelihood from its operation and the sons being satisfied to work for a meager salary, knowing that sooner or later they would become entitled to receive their share of the enlarged business. It may be a matter of regret that the Government is required to step into such a peaceful picture and raise the question of the precise legal rights of each of the parties, but taxes must be collected and the taxes with which we are here concerned are levied upon those who are entitled to receive the income. We are of the opinion that the determination of the Commissioner that all of the income of the business was distributable to the petitioner must be affirmed.
The petitioner also alleges that error was committed in failing to allow as a deduction certain contributions made to charitable organizations. The amount of the contributions and the character of the organizations to which the contributions were made are not in question, the deduction having been disallowed solely on the ground that the contributions were made by the estate and not by the petitioner. The evidence discloses, however, that they were made with her knowledge and consent and charged against her income. Inasmuch as she is entitled to the entire income of the business, it makes little difference whether the amounts are paid directly from income by the estate or distributed to her by the estate and then *495 paid over to the charitable organizations by her. In either case it is her income that is used to make the contributions. We are satisfied that the payments made by the estate were for the account of the petitioner and should be deducted in computing her taxable net income.
The petitioner claims that assessment and collection of the taxes here in controversy are barred by the period of limitations set out in the statutes. There is no evidence that this petitioner ever filed any income-tax returns for any of the taxable years here involved, although it does appear that for some of such years the executors of the estate filed returns showing the income of the estate. Under the law the estate is a separate and distinct taxable entity from the beneficiary or beneficiaries. It must account for capital gains and losses which are not distributable to or borne by the beneficiary and for net income which is not distributable under the terms of the will, while the beneficiary is charged with the duty of returning distributable income. Section 219, Revenue Acts of 1918 and 1921; Baltzell v. Mitchell, 3 Fed. (2d) 428; Willcuts v. Ordway, 19 Fed. (2d) 917; Mary P. Eno Steffanson, 1 B. T. A. 979; Louise P. V. Whitcomb, 4 B. T. A. 80; Elizabeth S. Sprague, 8 B. T. A. 173, and cases there cited. Returns filed by the executors of the estate of this decedent can not serve to start running the period in which assessments of tax may be made against this petitioner.
The petitioner claims that in computing the net income of the estate for 1917 the Commissioner erred in refusing to allow as a deduction $5,737.71 expended to secure title to an alley way which had been used as such for some 30 years by the owners of the property abutting on it but which had been sold under the lien of an assessment for paving. Immediately upon acquisition the alley way was conveyed to the city as a public thoroughfare, apparently for the purpose of making certain that it should always be available. The question then presented is whether when an owner of property conveys a portion of such property to the city for the purpose of a public thoroughfare which will be of benefit to his remaining property, he has incurred a loss or expense to the extent of the cost of. the property so conveyed. We do not conceive that he has. We are rather of the opinion that in such circumstances the cost of the property so conveyed is to be added as a part of the cost of the property benefited by such conveyance. Upon this assignment of error the determination of the Commissioner is approved.
The petitioner alleges that the Commissioner committed error in determining that the estate realized a gain of $716.52 from the receipt of $780 from one Rafolowski in 1917, the details of which are set forth in the findings of fact. Inasmuch as Rafolowski went into *496 possession of the property in 1910, it would appear that under the decisions of the Pennsylvania courts the contract to sell ripened into a sale at that time and that legal title was held by the estate only as security for payment of the purchase price. If this be so, the estate in 1917 did not sell the property and; did no more than collect an indebtedness due it for a sale which took place in 1910. It is not clear how this petitioner would be affected by the question whether or not the estate realized a gain from this transaction, for such a gain would not constitute profits of the business which would be distributable to the life beneficiary, but rather a gain taxable to the estate. Section 2 (b), Revenue Act of 1916 and decisions cited above. We are of the opinion that the Commissioner committed error in including in the distributable income of the estate more than $30 which represented the interest paid by Rafolowski in 1917.
The petitioner further alleges that the Commissioner erroneously computed her income from the estate of Jacob Haller for 1917 in determining that such estate was subject to excess-profits taxes or, in the alternative, that if such estate is subject to such taxes, error was committed in determining the amount thereof and the allocation thereof between the estate and petitioner. In his brief the respondent admits that he was in error in determining that there was any excess-profits tax due from the estate or from Mary Haller. See also Reinecke v. Gardner, 277 U. S. 239; 48 Sup. Ct. 472; 6 Am. Fed. Tax. Rep. 7794. The deficiency for 1917 should be computed accordingly.

Decisions will be entered under Rule 50.