RICHARD H. FENDELL AND ELIZABETH A. FENDELL,
PETITIONERS *v.* COMMISSIONER OF INTERNAL
REVENUE, RESPONDENT

Docket No. 44947-86.          Filed March 30, 1989.

*Ronald U. Lurie, Jean H. Maylack,* and *Michael H. Wetmore,* for the petitioners.
*James A. Kutten,* for the respondent.

## OPINION

GOFFE, *Judge:* The Commissioner determined deficiencies in petitioners' Federal income taxes for the following taxable years:

| Taxable year | Deficiency |
| --- | --- |
| 1975 | $27,887 |
| 1976 | 26,534 |
| 1977 | 8,393 |
| 1978[1] | 2,282 |
| 1979 | 1,474 |

The issues for our decision are: (1) Whether respondent is barred by the statute of limitations from adjusting petitioners' joint Federal income tax liabilities for the taxable years 1975 and 1977 by virtue of the disallowance of losses

---

[1]Petitioners have not petitioned this Court to redetermine the deficiencies for the taxable years 1978 and 1979.

claimed by a trust, which trust distributed income to petitioner-husband after the periods of limitation for each of the taxable years of the trust had expired; and (2) whether petitioners' reported income from the trust for the taxable years 1976 and 1977 should be increased to reflect the disallowance of the trust's losses from a partnership to the extent of the trust's capital contributions to such partnership.

This case was submitted fully stipulated under Rule 122.[2] The stipulation of facts and accompanying exhibits are incorporated by this reference.

Petitioners, Richard H. Fendell and Elizabeth A. Fendell, resided in St. Louis, Missouri, at the time of the filing of the petition in this case.

Richard H. Fendell (sometimes referred to as petitioner or petitioner-husband) and Nancy Fendell Lurie are the children of Charles H. Fendell and Minna Fendell. Charles H. Fendell passed away on January 19, 1958. Minna Fendell passed away on June 21, 1984.

The Last Will and Testament of Charles H. Fendell set up a testamentary trust consisting of the residue of his estate. The trust provided Minna Fendell with a right of encroachment and further provided for discretionary distributions for Richard H. Fendell and Nancy Fendell Lurie. Upon the death of Minna Fendell, the trust property was to be divided into separate trusts for Richard H. Fendell and Nancy Fendell Lurie. Separate Federal fiduciary income tax returns were filed for the taxable years in dispute under the names of: (1) "Richard H. Fendell Trust U/W Charles H. Fendell" (the Richard H. Fendell Trust); and (2) "Nancy Fendell Lurie Trust U/W Charles H. Fendell" (the Nancy Fendell Lurie Trust) but no Federal fiduciary income tax returns were filed in the name of the Minna Fendell Trust for the taxable years 1975 through 1979.

The Richard H. Fendell Trust (sometimes referred to as the trust) invested in two partnerships known as The Night Group and Forsyth Associates. On May 28, 1975, Minna Fendell executed a subscription agreement on behalf of the

---

[2]Unless otherwise indicated, all rule numbers refer to the Rules of Practice and Procedure of this Court and all section numbers refer to the Internal Revenue Code in effect for the taxable years 1975, 1976, and 1977.

trust and the Nancy Fendell Lurie Trust to invest in The Night Group. In accordance with the subscription agreement, the trust made cash contributions to The Night Group of $10,000, $7,509.25, and $7,500 on April 25, 1975, January 21, 1976, and January 28, 1977, respectively.

Petitioners executed a Form 872, Consent Fixing Period of Limitations Upon Assessment of Tax for the taxable year 1975 (a Form 872 Consent), and a Form 872-A, Special Consent to Extend the Time to Assess Tax (a Form 872-A Consent), for the taxable years 1975, 1976, and 1977, with respect to petitioners' joint Federal income tax returns. In addition, a Form 872-A Consent was executed with respect to the trust for the taxable years 1976 and 1978. Respondent did not secure either type of Consent with respect to the Minna Fendell Trust or the Richard H. Fendell Trust for the taxable year 1975 or 1977.

The trust, on its Federal fiduciary income tax return for the taxable year 1975 claimed losses from The Night Group and from Forsyth Associates in the amount of $27,315 and $2,006, respectively. The trust, on its Federal fiduciary income tax return for the taxable year 1976 claimed losses from The Night Group in the amount of $51,183 and from Forsyth Associates in the amount of $10,000. By amendment to the 1976 Federal fiduciary income tax return, the trust reduced the loss claimed from The Night Group from $51,183 to $25,592. On its return for the taxable year 1977, the trust claimed a loss from The Night Group in the amount of $14,740.

On their joint Federal income tax return for the taxable year 1975, petitioners reported a loss from the trust in the amount of $35,992. On their amended joint Federal income tax return for the taxable year 1976, petitioners reported income from the trust in the amount of $7,985 and on their return for the taxable year 1977 they reported income from the trust in the amount of $32,646.

The Commissioner disallowed losses claimed by the trust in The Night Group in the amount of $27,315 and Forsyth Associates in the amount of $2,006 thereby decreasing the loss which petitioners reported as attributable to the trust for the taxable year 1975 from $35,992 to $6,671. For the taxable year 1976, the Commissioner disallowed losses

claimed by the trust in The Night Group in the amount of $25,592 and Forsyth Associates in the amount of $10,000 thereby increasing the amount of income which petitioners reported as receiving from the trust of $7,985 to $43,577. For the taxable year 1977, the Commissioner disallowed a loss taken by the trust in The Night Group in the amount of $14,748, thereby increasing the amount of income which petitioners reported as receiving from the trust of $32,646 to $47,394.

The first issue to be decided is whether the Commissioner is barred by virtue of the statute of limitations from adjusting the distributable loss (1975) and distributable income (1977) of petitioners which they reported from the trust by disallowing deductions claimed by the trust on its returns.

The trust claimed losses attributable to its investments in two partnerships, The Night Group and Forsyth Associates. After the respective periods of limitation on assessment expired with respect to the Federal fiduciary income tax returns of the trust, the Commissioner mailed a statutory notice of deficiency to petitioners in which he disallowed the losses claimed by the trust. This disallowance decreased the loss claimed by petitioner-husband in 1975 and increased the income taxable to petitioner-husband for 1977 as a beneficiary of the trust. Petitioners contend that the statute of limitations bars such adjustments to their returns.

The parties have brought no case to our attention nor have we found one that is squarely on point. Petitioners appear to base their position upon the Subchapter S Revision Act of 1982. That Act is not applicable to the taxable years prior to December 31, 1982, and, if applicable at all, would apply only by the analogy between a Subchapter S corporation and a trust. Subchapter S Revision Act of 1982, Pub. L. 97-354, 96 Stat. 1669, 1697.

Although the parties argue the analogy of a trust to a Subchapter S corporation, we find that the analogy of a trust to an estate to be more persuasive. In *Haller v. Commissioner,* 14 B.T.A. 488 (1928), we held that the filing of Federal fiduciary income tax returns of an estate did not commence the running of the period of limitation on

assessment of income tax against a beneficiary of an estate who filed no returns.

The parties agree that for the taxable years before the Court the trust was a complex trust. The requirements for filing income tax returns for an estate and a complex trust (except for certain exceptions which do not apply here) are similar in the Internal Revenue Code (section 6012(a)(3) and 6012(a)(4)) and are contained in the same provision in the regulation. Sec. 1.6012-3(a), Income Tax Regs.

A complex trust, as well as an estate, is a separate and distinct taxpayer for Federal income tax purposes. The trust or estate reports its income, deductions, and credits on its Federal fiduciary income tax return, Form 1041. The beneficiary of an trust or estate reports the distributions made to the beneficiary by the trust or estate on the beneficiary's individual Federal income tax return if the beneficiary is an individual.

The amount of any income tax may be assessed (except for other provisions which do not apply here) only within 3 years after the return was filed. Sec. 6501(a); sec. 301.6501(a)-1, Proced. & Admin. Regs.

That being the case, the filing of a return by that taxpayer (whether estate, trust, or individual) triggers the beginning of the period of limitations on assessment of income tax against that taxpayer-entity. The trust or estate and individual beneficiary being separate taxpayers who are required to file Federal income tax returns, trigger the beginning of the periods of limitation on assessment of income tax based upon the times that the taxpayers file their returns.

The period of limitation on assessment of income tax being prescribed by section 6501(a), it follows that the period of time within which the Commissioner may mail a statutory notice of deficiency under section 6212 is limited by the provisions of section 6501(a).

In the instant case, the Commissioner mailed the statutory notice of deficiency to petitioners before the periods of limitation expired with respect to their joint Federal income tax returns. The periods of limitation of the trust for the taxable years 1975 and 1977 had, however, expired, when the statutory notice of deficiency was mailed to petitioners

with respect to their joint Federal income tax returns. The parties have not stipulated that a statutory notice of deficiency was mailed to the trust for its taxable years 1975 and 1977.

In the statutory notice of deficiency mailed to petitioners the Commissioner determined that petitioners should have reported a smaller loss for 1975 from the trust and additional income for 1977 from the trust based upon the Commissioner's disallowance of losses which the trust claimed for its investment in The Night Group and Forsyth Associates. The Commissioner was entitled to make these adjustments. Petitioners are likewise entitled to challenge the adjustments which the Commissioner made. The Commissioner is entitled, when he examines the Federal income tax return of a beneficiary of an estate or a trust, to adjust what the beneficiary has reported or failed to report. It is immaterial that the periods of limitation on assessment has expired with respect to the returns filed by the estate or the trust. The statutory notice of deficiency involved here does not purport to, nor can it, adjust the Federal income tax liabilities of the trust. It is not addressed to the trust.

Petitioners make public policy arguments in their briefs. Such arguments are unavailing because they are contrary to the Internal Revenue Code and regulations which we have analyzed and applied.

The second issue for decision is whether petitioners' taxable income for the taxable years 1976 and 1977 must be increased to reflect the Commissioner's disallowance of the trust's losses from The Night Group to the extent of the trust's capital contributions to such partnership. Petitioners have assigned error to $17,500 of the $25,592 disallowed loss attributable to The Night Group for the taxable year 1976, and to $7,500 of the $14,740 disallowed loss attributable to The Night Group for the taxable year 1977. As a result, petitioners assign error to $16,818 and $1,982 of the deficiencies for each respective year as attributable to this adjustment.

The only evidence in this case to support the losses claimed by the trust is the stipulation of the capital investments made by the trust in The Night Group. A capital investment is not a taxable event giving rise to a

deduction. There is no evidence that the investment became worthless during the taxable years that the deductions were claimed nor is there any evidence of a taxable event which would give rise to a deduction allowable to the trust. The losses claimed are, therefore, disallowed and the adjustments to petitioners' taxable income are sustained.

*Decision will be entered for the respondent.*