Richard H. FENDELL and Elizabeth A. Fendell, Appellants,

v.

COMMISSIONER OF INTERNAL REVENUE, Appellee.

No. 89–1987.

United States Court of Appeals, Eighth Circuit.

Submitted March 15, 1990.

Decided June 22, 1990.

Rehearing Denied Aug. 21, 1990.

---

Alan E. Popkin, St. Louis, Mo., for appellants.

Janet K. Jones, Washington, D.C., for appellee.

Before FAGG and WOLLMAN, Circuit Judges, and DUMBAULD,* Senior District Judge.

WOLLMAN, Circuit Judge.

Richard H. and Elizabeth A. Fendell appeal from the Tax Court's decision holding them liable for deficiencies in their 1975 and 1977 income tax returns. We reverse.

## I. Background

Richard H. Fendell is the income beneficiary of the Richard H. Fendell Trust (Trust). In 1975, the Trust invested in two partnerships, which reported losses for the Trust's 1975 and 1977 tax years. The Trust's losses were reflected in the Fendells' joint federal individual income tax returns for 1975 and 1977.

In 1979, the Commissioner of Internal Revenue (Commissioner) began an audit of both the Fendells' and the Trust's 1975 and 1977 returns.[1] Although the three-year statute of limitations had expired, the Fendells filed a written consent to an extension for assessment of federal income tax liabilities for their 1975 and 1977 individual re-

turns. The Trust, however, did not grant an extension. In 1986, the Commissioner issued a notice of deficiency to the Fendells in the amount of $27,887 for 1975 and $8,393 for 1977, resulting from disallowance of losses claimed by the Trust. The deficiencies plus accrued interest resulted in an amount due of more than $100,000.

The Fendells appealed to the Tax Court, contending that the expiration of the statute of limitations on the Trust's returns for 1975 and 1977 barred any adjustment of the amount of distributions from the Trust claimed on their individual returns. The Tax Court sustained the deficiencies. This appeal followed.

## II. Discussion

■ We review the Tax Court's conclusions of law *de novo. McDonald v. Commissioner,* 853 F.2d 1494, 1495 (8th Cir. 1988), *cert. denied,* — U.S. —, 109 S.Ct. 1639, 104 L.Ed.2d 155 (1989). " '[L]imitations statutes barring the collection of taxes otherwise due and unpaid are strictly construed in favor of the Government.' " *Badaracco v. Commissioner,* 464 U.S. 386, 391, 104 S.Ct. 756, 761, 78 L.Ed.2d 549 (1984) (quoting *E.I. Dupont de Nemours & Co. v. Davis,* 264 U.S. 456, 462, 44 S.Ct. 364, 366, 68 L.Ed. 788 (1924)).

The Internal Revenue Code states that except as otherwise provided, the amount of tax imposed shall be assessed within three years after the return was filed. 26 U.S.C. § 6501(a). An extension for assessment outside the three-year period may be granted by a written agreement between the taxpayer and the Commissioner. 26 U.S.C. § 6501(c)(4).

■ As noted by the Tax Court, the Fendells and the Trust, a complex trust, are separate taxpayers. Because there is no case law directly on point, the Tax Court analogized the Trust to an estate, which has similar filing requirements. In *Haller v. Commissioner,* 14 B.T.A. 488 (1928), the

---

* The HONORABLE EDWARD DUMBAULD, United States Senior District Judge for the District of Pennsylvania, sitting by designation.

1. The Commissioner examined the Fendells' and the Trust's returns for 1975 through 1979. Only the returns for 1975 and 1977 are in issue in this case.

court held that the estate beneficiary's statute of limitations does not begin running with the filing of the estate tax return because the estate and the beneficiaries are separate taxpayers. Based on the analogy to *Haller*, the Tax Court concluded that it was immaterial that the limitation periods on assessment had expired with respect to the returns filed by the Trust because the notice of deficiency was not addressed to the Trust and did not purport to, nor could it, adjust the Trust's income tax liabilities. *Fendell v. Commissioner*, 92 T.C. 708, 713 (1989).

Three recent cases support the position that expiration of the statute of limitations on the Trust bars adjustments to the Fendells' individual returns. In a case decided after the Tax Court's ruling in the present case, the Ninth Circuit held that the Commissioner may not adjust a shareholder's return based on adjustments on a Subchapter S corporation's return after the statute of limitations has run on the S corporation's return. *Kelley v. Commissioner*, 877 F.2d 756, 759 (9th Cir.1989). Likewise, in *Boatmen's First Nat'l Bank v. United States*, 705 F.Supp. 1407 (W.D.Mo.1988), the district court held that the Commissioner could not revalue gifts for the purpose of calculating estate tax after gift tax had been assessed and paid and the statute of limitations for assessing additional gift tax had expired. *Id.* at 1412–13. Similarly, in *Illinois Masonic Home v. Commissioner*, 93 T.C. 145 (1989), the Tax Court prohibited the Commissioner from asserting transferee liability for estate taxes upon an estate beneficiary after the period of limitations for the estate transferor liability for additional estate taxes had expired.

These cases embody the principle that in order for the Commissioner to adjust tax liability, he must be able to do so at the source of income, here the Trust, or will be prevented from doing so at the point where the income is distributed, in this case the beneficiary of the Trust. This principle finds sound support in the concept of finality, as expressed by the Ninth Circuit in *Kelley:* "The statute of limitations exists, in part, so that after some time persons can be confident that their affairs are closed

and they can dispose of old records." 877 F.2d at 758. The Commissioner had ample time to audit the Trust's returns for the years in question, and if he did not he could have obtained an extension of time to do so. *See id.*

We hold that the Tax Court erred in finding the Fendells liable for tax deficiencies for 1975 and 1977. Accordingly, the decision of the Tax Court is reversed, and the case is remanded for the entry of judgment in favor of the Fendells.