930 F.2d 1034
 67 A.F.T.R.2d 91-891, 59 USLW 2660, 91-1
USTC P 50,215
 Gary L. SIBEN, Michele Siben, Sidney Siben, Stella Siben,
Stephen G. Siben, Eileen L. Siben, Walter Siben
and Lillian Siben, Petitioners-Appellants,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.
 No. 1119, Docket 90-4128.
 United States Court of Appeals,
Second Circuit.
 Argued Feb. 21, 1991.
Decided April 18, 1991.
 
 Edward Newman, Carle Place, N.Y. (Newman & Cahn, Howard Philip Newman, Palm Beach Gardens, Fla., of counsel), for petitioners-appellants.
 Janet Kay Jones, Atty., Tax Div., Dept. of Justice (Shirley D. Peterson, Asst. Atty. Gen., Gary R. Allen, Francis M. Allegra, Attys., Tax Div., Dept. of Justice, Washington, D.C., of counsel), for respondent-appellee.
 Before FEINBERG, MINER and MAHONEY, Circuit Judges.
 FEINBERG, Circuit Judge:
 
 
 1
 Petitioners appeal from an order of the United States Tax Court denying their motion for summary judgment, but certifying the case for interlocutory appeal pursuant to 26 U.S.C. Sec. 7482(a)(2). This court granted leave to appeal in October 1990. The sole issue on appeal is whether the statute of limitations for assessing additional tax against an individual partner based on adjustments to partnership items should be measured from the date the partnership return was filed or the date the income tax return of the individual partner was filed. The Tax Court held that the controlling return was the individual income tax return. We agree, and affirm.
 
 I. Background
 
 2
 Petitioners claimed losses on their individual federal income tax returns for the years 1979 and 1980 for their shares as partners of items reflected on the timely-filed returns of a calendar-year, limited partnership known as Baltic Energy Ltd. The Commissioner sought and obtained from each petitioner consent to extend the time to assess tax resulting from adjustments to petitioners' distributive shares of Baltic partnership items. Within the extended time, the Commissioner issued deficiency notices to each petitioner disallowing certain deductions attributable to petitioners' shares of Baltic partnership losses. The Commissioner neither sought nor obtained any extension of time from the Baltic partnership.
 
 
 3
 Petitioners thereafter sought redetermination in the Tax Court of the deficiencies asserted by the Commissioner. In June 1990, petitioners moved for summary judgment on the ground that the statute of limitations for the assessment and collection of the taxes at issue was governed by Baltic's partnership return and had expired prior to issuance of the notices of deficiency. In a memorandum opinion and order, the Tax Court denied summary judgment, holding that the statute of limitations for the adjustments at issue was governed by the partners' individual income tax returns rather than by the partnership return, and had not expired. This appeal followed.
 
 II. Discussion
 
 4
 The statute of limitations we are called upon to interpret provides the following general rule:
 
 
 5
 Except as otherwise provided in this section, the amount of any tax imposed by this title shall be assessed within 3 years after the return was filed....
 
 
 6
 26 U.S.C. (Internal Revenue Code) Sec. 6501(a). (Unless otherwise noted, all references are to the Internal Revenue Code of 1954 as amended and effective during the years in issue.) The parties agree that if "return" in the phrase, "within 3 years after the return was filed," refers to the partnership return reporting the items passed through to the partners, the assessments were barred, but if "return" refers to an individual partner's income tax return, the deficiencies were timely asserted within the statutory period, as extended by agreement with petitioners.
 
 
 7
 In interpreting Sec. 6501(a), it appears to us that the "return" that starts the running of the limitations period at issue is that of the taxpayer whose liability is being assessed, and not that of a third person or entity whose return might also report the transaction that gives rise to the liability. On this reading, the return referred to in Sec. 6501(a) would thus be the individual's income tax return for an assessment of individual income tax.
 
 
 8
 We do not believe that the return reporting, in the language of Sec. 6501(a), a "tax imposed by this title" can be the partnership return, because "[a] partnership as such shall not be subject to the income tax imposed by this chapter." 26 U.S.C. Sec. 701. Although the partnership return contains details regarding the transactions resulting in income or loss to be divided among the partners, "[p]ersons carrying on business as partners shall be liable for income tax only in their separate or individual capacities," id., and it is the individual partner's income tax return that furnishes the information necessary to calculate that tax.
 
 
 9
 In Estate of Klein v. Commissioner, 537 F.2d 701, 704 (2d Cir.), cert. denied, 429 U.S. 980, 97 S.Ct. 491, 50 L.Ed.2d 588 (1976), we pointed out that a partnership
 
 
 10
 is simply not a taxable entity under the [Internal Revenue] Code.... That being the case, the return required to be filed by a partnership ... is not an income tax return. It is essentially an information return.... In effect, the partnership return must be read together with, or as an adjunct to the partner's personal income tax return in order for it to have any value at all.
 
 
 11
 Thus, the partnership return does not itself report "any tax imposed by this title." Moreover, the partnership return does not furnish information necessary to calculate the individual partner's income tax, such as marital status, exemptions, and income, losses, deductions or credits derived from sources other than the partnership. In Klein, we expressly recognized that a partnership return is an "adjunct," providing information that supplements information contained in the partner's individual return. This implies that it is the individual partner's return, and not that of the partnership, upon which the partner's tax liability is determined. It follows that the filing of the individual's return starts the limitations period.
 
 
 12
 Our reading of the statute is consistent with Supreme Court cases determining whether the wrong form of return is sufficient to start the running of the statute of limitations. In Germantown Trust Co. v. Commissioner, 309 U.S. 304, 60 S.Ct. 566, 84 L.Ed. 770 (1940), for example, the taxpayer, a trust company, had filed a fiduciary return, but the Commissioner asserted that it should have been taxed as a corporation. The Supreme Court held that the fiduciary return qualified as the "return" for the purpose of triggering the statute of limitations on assessing corporate income tax because it "contained all of the data from which a tax could be computed and assessed" on the taxpayer as a corporation. Id. at 308, 60 S.Ct. at 568. Conversely, in Commissioner v. Lane-Wells Co., 321 U.S. 219, 64 S.Ct. 511, 88 L.Ed. 684 (1944), the Court held that a corporate income tax return did not start the statute of limitations period for personal holding company income tax, for which a separate return was required, because the corporate return "did not show the facts on which liability would be predicated" for personal holding company tax. Id. at 223-24, 64 S.Ct. at 513. Finally, in Automobile Club of Michigan v. Commissioner, 353 U.S. 180, 77 S.Ct. 707, 1 L.Ed.2d 746 (1957), an organization originally determined to be exempt from tax had filed exempt-organization information returns, but the Commissioner asserted that the organization was not entitled to tax-exempt status. Because the information returns "lack[ed] the data necessary for the computation and assessment of deficiencies," the Court determined that they were not returns sufficient to start the statute of limitations period. Id. at 188, 77 S.Ct. at 712.
 
 
 13
 As even petitioners appear to concede, the partnership return filed by Baltic did not provide the information necessary to calculate the individual income tax of the Sibens, i.e., Baltic's return did not contain, in the words of Germantown Trust Co., "the data from which a tax could be computed and assessed," on the individual taxpayer. Thus, the partnership return could not qualify as the "return" under Sec. 6501(a) to trigger the statute of limitations for assessment of individual income taxes. We note that the Seventh Circuit has reached the same conclusion. Durovic v. Commissioner, 487 F.2d 36, 38-40 (7th Cir.1973), cert. denied, 417 U.S. 919, 94 S.Ct. 2625, 41 L.Ed.2d 224 (1974).
 
 
 14
 Our construction of the statute is also consistent with the view of Congress. As part of the Tax Equity and Fiscal Responsibility Act of 1982 (TEFRA), Pub.L. No. 97-248, Sec. 402, 96 Stat. 324, 648, Congress instituted new procedures for determining the tax treatment of partnership items at the partnership level. The parties agree that the new provisions do not apply to the 1979 and 1980 tax years at issue in this case. However, the Conference Committee Report accompanying TEFRA also described pre-TEFRA law: "In the case of a partnership, the income tax return of each of the partners begins that individual partner's period of limitations. Except in the case of Federally registered partnerships, the date of filing of the partnership return does not affect the individual partner's period of limitations." H.R.Conf.Rep. No. 760, 97th Cong., 2d Sess. 599, reprinted in 1982 U.S.Code Cong. & Admin.News 1190, 1371. As the parties point out, the question of how much weight to accord to the views of a subsequent Congress on the meaning of earlier enactments is not an easy one. Compare Russello v. United States, 464 U.S. 16, 26, 104 S.Ct. 296, 302, 78 L.Ed.2d 17 (1983), with Seatrain Shipbuilding Corp. v. Shell Oil Co., 444 U.S. 572, 596, 100 S.Ct. 800, 813, 63 L.Ed.2d 36 (1980); see also Consumer Product Safety Commission v. GTE Sylvania, Inc., 447 U.S. 102, 117-18 & n. 13, 100 S.Ct. 2051, & n. 13, 64 L.Ed.2d 766 (1980). Nevertheless, we find at least some significance in the fact that our view of the meaning of the statute is in accord with the interpretation subsequently expressed by Congress.
 
 
 15
 Petitioners rely heavily on two cases in which the Commissioner was barred from asserting a deficiency against individuals for an adjustment to entity items when the statute of limitations applicable to the entity had expired. Kelley v. Commissioner, 877 F.2d 756 (9th Cir.1989); Fendell v. Commissioner, 906 F.2d 362 (8th Cir.1990). However, those cases are readily distinguishable.
 
 
 16
 The issue in Kelley was the liability of individual shareholders of a subchapter S corporation for an assessment based on an adjustment to an item reported on the S corporation's return. As the court explained, a corporation that has elected to be treated as an S corporation does not generally pay income taxes at the corporate level; its income is passed through to its shareholders and reported on their individual income tax returns. Kelley v. Commissioner, 877 F.2d at 758. To determine the effect of the tax return filed by the S corporation on the statute of limitations, the Ninth Circuit analyzed 26 U.S.C. Sec. 6037, which requires an S corporation to file returns and provides that "[a]ny return filed pursuant to this section shall, for purposes of chapter 66 (relating to limitations), be treated as a return filed by the corporation." Kelley v. Commissioner, 877 F.2d at 758. The court principally relied on that language, along with the ambiguity it perceived in Sec. 6501(a), in holding that the statute of limitations for the adjustment of S corporation items should be measured from the date that the S corporation return was filed, even if the adjustment resulted in a tax only on the S corporation's shareholders. We note that the Tax Court disagrees with the reasoning of Kelley, and has declined to follow it in cases appealable to other circuits. Fehlhaber v. Commissioner, 94 T.C. 863, 871 (1990), appeal docketed, No. 90-5735 (11th Cir. Sept. 6, 1990).
 
 
 17
 Petitioners argue that the similarity between the tax treatment of partnerships and S corporations should lead us to the same conclusion as the Kelley court. However, petitioners acknowledge that the quoted language of Sec. 6037 relating to S corporations has no counterpart in the partnership provisions at issue here. As we have previously observed, "as long as the sections of the Code governing subchapter S corporations differ from the partnership provisions, we are obliged to apply those sections differently, and taxpayers will gain or lose from those differences as the case may be." Ketchum v. Commissioner, 697 F.2d 466, 471 (2d Cir.1982). Thus, even if we agreed that Sec. 6501(a) was ambiguous, Kelley would not govern the statute of limitations applicable to the partnership adjustments at issue in this case.
 
 
 18
 It is true that the court in Kelley also relied on the policy consideration that the taxpayer there could defend against the proposed adjustment "only by resort to the corporation's books and records," which the court apparently thought the corporation might not retain after the corporation's three-year period had run. Kelley v. Commissioner, 877 F.2d at 758. But, as the Commissioner points out--and we agree--a taxpayer can generally protect himself by taking steps to ensure that the partnership preserves records needed to support the partnership items claimed on the individual partner's return. Cf. Fehlhaber v. Commissioner, 94 T.C. at 869-70. Moreover, petitioners' suggestion that the Tax Court's ruling is somehow unfair to limited partners like petitioners who are "at the mercy of the partnership and the Commissioner" is not overly persuasive in a case where petitioners agreed to extend the statute of limitations for the very items at issue, but now say it has expired.
 
 
 19
 We have similar problems with petitioners' reliance on Fendell v. Commissioner, 906 F.2d 362 (8th Cir.1990). In that case a complex trust had invested in partnerships, and claimed losses from the partnerships on its income tax return. At a time when the statute of limitations had expired for the trust, but not for the trust's individual beneficiary, the Commissioner asserted deficiencies against the beneficiary that arose from disallowing the partnership losses claimed by the trust. The Eighth Circuit held that the expiration of the trust's statute of limitations barred the adjustment to the beneficiary's return. Id. at 364.
 
 
 20
 As the Fendell court explained, a complex trust and its beneficiaries are separate taxable entities. Id. at 363. The court apparently viewed the proposed adjustment as an indirect attempt to adjust the trust's income tax liability through the beneficiary, after the statute of limitations prohibited a direct adjustment. Id. at 364. This concern, however, is not applicable to the case before us. As discussed above, a partnership is not an entity separately taxable from its partners and there can thus be no suggestion that the Commissioner is attempting to adjust indirectly the partnership's tax liability by assessing tax against the partners. In any event, on the assumption that the reasoning of Fendell does not depend upon the precise facts of that case, we disagree with it for the various reasons set forth above.
 
 
 21
 We have considered all of petitioners' arguments, and we affirm the judgment of the Tax Court.