DON W. MOFFETT AND ALICE M. MOFFETT, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Moffett v. Commissioner
Docket No. 5026-85
United States Tax Court
T.C. Memo 1992-522; 1992 Tax Ct. Memo LEXIS 545; 64 T.C.M. (CCH) 683; September 8, 1992, Filed *545 Held: The period of limitations upon assessment applicable to a partner's distributive share of partnership items is controlled by the filing of the partner's individual income tax return, as extended by any agreements relating thereto. See Siben v. Commissioner, 930 F.2d 1034 (2d Cir. 1991), affg. T.C. Memo. 1990-435; Stahl v. Commissioner, 96 T.C. 798 (1991). For Petitioners: Declan J. O'Donnell. For Respondent: Randall L. Preheim. WHITAKER
WHITAKER
MEMORANDUM FINDINGS OF FACT AND OPINION WHITAKER, Judge: This matter is before the Court on petitioners' motion for summary judgment filed pursuant to Rule 121. [1] Respondent determined a deficiency in, and an addition to, Don W. and Alice M. Moffet's (petitioners) Federal income tax for the taxable year, and in the amounts, set forth below: Addition to Tax
Tax Year Ended
Deficiency
Sec. 6653(a)
December 31, 1980
$ 4,801
$ 240
*546 A notice of deficiency was mailed to petitioners on December 3, 1984. Petitioners resided in Westlake Village, California, at the time the petition herein was filed. The issue for decision is whether the period of limitations upon assessment applicable to a partner's distributive share of partnership items is controlled by the filing of the partnership's information return, or by the filing of the partner's individual income tax return, as extended by any agreements relating thereto. [2]
FINDINGS OF FACT Petitioners were validly subscribed members of Agosto Ltd. (Agosto), a limited partnership, for the taxable year ending December 31, 1980. On January 6, 1982, petitioners filed their 1980 individual income tax return. *547 Agosto filed its 1980 partnership information return on January 15, 1982. Consequently, as of December 3, 1984, the period of limitations upon assessment had not expired with respect to petitioners' taxable year 1980, and 3 years had not yet elapsed since the filing of Agosto's 1980 partnership information return. On April 13, 1992, petitioners filed a motion for summary judgment asserting that the period oflimitations upon assessment had expired with respect to their distributive share of losses, deductions, and credits from Agosto prior to the issuance of the notice of deficiency. [3]
*548 OPINION The sole issue for decision is whether the period of limitations upon assessment applicable to a partner's distributive share of partnership items is controlled by the filing of the partnership's information return, or by the filing of the partner's individual income tax return, as extended by any agreements relating thereto. Petitioners contend that the period of limitations is controlled by the filing of the partnership's information return. Conversely, respondent contends that the period of limitations is controlled by the filing of the partner's individual income tax return. Petitioners' 1980 individual income tax return was filed on January 6, 1982, and Agosto's 1980 partnership information return was filed on January 15, 1982. A notice of deficiency was mailed to petitioners on December 3, 1984. As of December 3, 1984, less than 3 years had elapsed since the filing of petitioners' and Agosto's 1980 returns. Consequently, pursuant to section 6501(a), petitioners' motion for summary judgment is without merit as a matter of law regardless of whether the period of limitations is controlled by the filing of Agosto's partnership information return or by the filing *549 of petitioners' individual income tax return. [4]
In accordance with section 6501(a), petitioner's motion for summary judgment will be denied. An appropriate order will be issued. Footnotes
1. Unless otherwise indicated, all Rule references are to the Tax Court Rules of Practice and Procedure, and all section references are to the Internal Revenue Code of 1954 in effect for the year in issue.↩
2. The taxable year at issue antedates the enactment of secs. 6221-6233 which provide that the tax treatment of partnership income, loss, deductions, and credits is to be determined at the partnership level in a unified partnership proceeding for partnership taxable years beginning after Sept. 3, 1982.↩
3. On Apr. 15, 1992, petitioners filed an amended petition wherein it was represented that "the parties have settled all issues on the merits of the case in a proposed Stipulation, subject to a determination of jurisdiction as requested herein." Similarly, in the motion for summary judgment, petitioners represent that "no trial on the merits is expected because the parties have executed a Stipulation, subject to jurisdiction." In the notice of objection to motion for summary judgment, however, respondent asserts that neither a stipulation of settled issues nor a closing agreement has been executed by the parties. Consequently, petitioners' motion for summary judgment is properly viewed as a motion for partial summary judgment. See Rule 121(c).↩
4. In , we held that the filing of a partnership information return does not affect the period of limitations upon assessment applicable to the determination of a deficiency against individual partners of a partnership. See also , affg. ; , affg. on this issue .↩