DONALD J. WORLEY AND MARY A. WORLEY; LESLIE E. DAVIS AND E. FRANCES DAVIS, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Worley v. Commissioner
Docket No. 14309-86
United States Tax Court
T.C. Memo 1992-523; 1992 Tax Ct. Memo LEXIS 544; 64 T.C.M. (CCH) 684; September 8, 1992, Filed *544 Held: The period of limitations upon assessment applicable to a partner's distributive share of partnership items is controlled by the filing of the partner's individual income tax return, as extended by any agreements relating thereto. See Siben v. Commissioner, 930 F.2d 1034 (2d Cir. 1991), affg. T.C. Memo. 1990-435; Stahl v. Commissioner, 96 T.C. 798 (1991). For Petitioners: Declan J. O'Donnell. For Respondent: Randall L. Preheim. WHITAKER
WHITAKER
MEMORANDUM FINDINGS OF FACT AND OPINION
WHITAKER, Judge: This matter is before the Court on petitioners' motion for summary judgment filed pursuant to Rule 121. [1] Respondent determined a deficiency in, increased interest on, and an addition to, Donald J. and Mary A. Worley's (petitioners Worley) Federal income tax for the taxable year, and in the amounts, set forth below: Increased Interest
and Addition to Tax
Sec.
Sec.
Tax Year Ended
Deficiency
6621(c)
6653(a)
December 31, 1980
$ 7,553
n1
$ 377.65
*545 Respondent determined deficiencies in, and increased interest on, Leslie E. and E. Frances Davis' (petitioners Davis) Federal income taxes for the taxable years, and in the amounts, set forth below: Increased Interest
Tax Year Ended
Deficiency
Sec. 6621(c)
December 31, 1979
$ 15,140.60
n1
December 31, 1980
14,694.00
n1
A notice of deficiency was mailed to petitioners Worley on February 11, 1986, and to petitioners Davis on February 14, 1986. Petitioners Worley resided in Las Vegas, Nevada, and petitioners Davis resided in Salem, Oregon, at the time the petition herein was filed. The issue for decision is whether the period of limitations upon assessment applicable to a partner's distributive share of partnership items is controlled by the filing of the partnership's information return, or by the filing of the partner's individual income tax return, as extended by any agreements relating thereto. [2]
*546 FINDINGS OF FACT Petitioners Worley were validly subscribed members of General Investment Group (General Investment), a limited partnership, for the taxable year ending December 31, 1980. Petitioners Davis were validly subscribed members of Tiger Fuel & Investment Co. (Tiger Fuel), a limited partnership, for the taxable years ending December 31, 1979, and December 31, 1980. On April 15, 1981, petitioners Worley filed their 1980 individual income tax return. On April 15, 1980, and on April 15, 1981, petitioners Davis filed their 1979 and 1980 individual income tax returns, respectively. On October 15, 1981, General Investment filed its 1980 partnership information return. Tiger Fuel timely filed its 1979 and 1980 partnership information returns. On December 24, 1983, petitioners Worley executed a Form 872-A, thereby extending the time to assess individual income tax against petitioners Worley for the taxable year 1980. On December 13, 1982, petitioners Davis executed a Form 872, thereby extending through April 15, 1984, the time to assess individual income tax against petitioners Davis for the taxable year 1979. On March 11, 1984, and on October 28, 1983, petitioners Davis *547 executed Forms 872-A, thereby extending the time to assess individual income tax against petitioners Davis for the taxable years 1979 and 1980, respectively. Pursuant to Form 872-A, the amount of income tax due for a taxable year may be assessed on or before the 90th day after: (1) Respondent receives a notice of termination from petitioners, (2) respondent mails a notice of termination to petitioners, or (3) respondent mails a notice of deficiency for the applicable period. Petitioners Worley executed a Form 872-T, Notice of Termination of Special Consent to Extend the Time to Assess Tax, on December 17, 1985. Respondent received the notice of termination on December 18, 1985. As of February 11, 1986, the date a notice of deficiency was mailed to petitioners Worley, fewer than 90 days had passed since respondent's receipt of the notice of termination; consequently, the period of limitations upon assessment had not expired with respect to petitioners Worley's taxable year 1979. Respondent neither received a notice of termination from petitioners Davis, nor mailed a notice of termination to petitioners Davis, for the taxable years 1979 and 1980. Consequently, as of February 14, *548 1986, the date a notice of deficiency was mailed to petitioners Davis, the period of limitations upon assessment had not expired with respect to petitioners Davis' taxable years 1979 and 1980. Conversely, as of February 11, 1986, more than 3 years had elapsed since the filing of General Investment's 1980 partnership information return, and more than 3 years had elapsed since the filing of Tiger Fuel's 1979 and 1980 partnership information returns. On June 29, 1992, petitioners filed a motion for summary judgment asserting that the period of limitations upon assessment had expired with respect to their distributive share of losses from General Investment and Tiger Fuel prior to the issuance of the notices of deficiency. [3]
*549 OPINION The sole issue for decision is whether the period of limitations upon assessment applicable to a partner's distributive share of partnership items is controlled by the filing of the partnership's information return, or by the filing of the partner's individual income tax return, as extended by any agreements relating thereto. Petitioners contend that the period of limitations is controlled by the filing of the partnership's information return. Conversely, respondent contends that the period of limitations is controlled by the filing of the partner's individual income tax return. Respondent agrees that there is no genuine issue as to any material fact relating to the applicable period of limitations upon assessment, and that a decision on this issue may be rendered as a matter of law. See Rule 121(b). Petitioners cite , revg. and remanding , as authority for the proposition that the period of limitations upon assessment applicable to a partner's distributive share of partnership items is controlled by the filing of the partnership's information return. In , *550 the Ninth Circuit held that the Commissioner may not adjust a taxpayer-shareholder's individual income tax return based upon an adjustment to a subchapter S corporation's information return when the period of limitations had run as to the subchapter S corporation's return. . We previously considered and rejected the Ninth Circuit's decision in Kelley in determining the period of limitations applicable to a partner's distributive share of partnership items. In , we held that the filing of a partnership information return does not affect the period of limitations upon assessment applicable to the determination of a deficiency against individual partners of a partnership. Similarly, in , affg. , the Second Circuit held that the applicable period of limitations was controlled by the partners' individual income tax returns rather than by the partnership return. See also , affg. on this issue . *551 We consider , and , to be dispositive of this issue; consequently, we hold that the period of limitations upon assessment applicable to a partner's distributive share of partnership items is controlled by the filing of the partner's individual income tax return, as extended by any agreements relating thereto. In accordance with the holding set forth above, petitioners' motion for summary judgment will be denied. An appropriate order will be issued. Footnotes
1. To be determined. To be determined.
[1]↩ Unless otherwise indicated, all Rule references are to the Tax Court Rules of Practice and Procedure, and all section references are to the Internal Revenue Code of 1954 in effect for the years in issue.
2. The taxable years at issue antedate the enactment of secs. 6221-6233 which provide that the tax treatment of partnership income, loss, deductions, and credits is to be determined at the partnership level in a unified partnership proceeding for partnership taxable years beginning after Sept. 3, 1982.↩
3. On July 8, 1992, petitioners filed an amended petition wherein it was represented that "the parties have settled all issues on the merits of the case in a proposed Stipulation, subject to a determination of jurisdiction as requested herein." Similarly, in the motion for summary judgment, petitioners represent that "no trial on the merits is expected because the parties have executed a Stipulation, subject to jurisdiction." In the notice of objection to motion for summary judgment, however, respondent asserts that neither a stipulation of settled issues nor a closing agreement has been executed by petitioners Worley. Consequently, petitioners' motion for summary judgment is properly viewed as a motion for partial summary judgment. See Rule 121(c).↩