ALAN F. BARTOL and PENNY B. BARTOL, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Bartol v. Commissioner
Docket No. 30470-89
United States Tax Court
T.C. Memo 1992-141; 1992 Tax Ct. Memo LEXIS 196; 63 T.C.M. (CCH) 2324; T.C.M. (RIA) 92141; March 10, 1992, Filed *196 Decision will be entered under Rule 155. Steven B. Wolf and Albert L. Grasso, for petitioners. William T. Derick, for respondent. RAUM
RAUM
MEMORANDUM OPINION RAUM, Judge: The Commissioner determined deficiencies and additions to tax against petitioners, husband and wife, as follows: Additions To Tax
Year
Deficiency
Sec. 6653(a)(1)
Sec. 6653(a)(2)
Sec. 6661
1985
$ 11,584
$ 579
50% of the interest
$ 2,896
due on $ 11,584
Sec. 6653(a)(1)(A)
Sec. 6653(a)(1)(B)
Sec. 6661
1986
$ 18,283
$ 914
50% of the interest
$ 4,571
due on $ 18,283
The Commissioner also determined that petitioners were liable for increased interest under section 6621(c). [1]
Petitioners resided in Hialeah, Florida, at the time they filed the petition in this case. The case was submitted *197 on the basis of a stipulation of facts and exhibits. In addition, the parties have stipulated that "the adjustment in respondent's notice of deficiency relating to PITT EQUIPMENT LEASING TRUST * * * shall be redetermined by application of the same formula as that which resolves the GTE TRUST adjustment" in Shea v. Commissioner, T.C. Memo. 1991-518 (the controlling case). They have further stipulated that -- All issues involving the above adjustment shall be resolved as if the petitioners in this case were the same as the taxpayers in the controlling case. If the Court finds that the addition to the tax for negligence or the I.R.C. section 6621(c) interest are applicable to the underpayment attributable to the above-referenced adjustment, the resolution of that adjustment and the applicability of such addition to the tax or interest to that adjustment in the controlling case shall apply to the petitioners as if the petitioners in this case were the same as the taxpayers in the controlling case.
Finally, although the record is unclear, we are apparently not called upon to decide here whether petitioners are liable for the section 6661 addition to tax *198 for substantial understatement of income tax. [2]
Petitioners amended their petition in order to raise the statute of limitations as a defense against the assessment of tax [3] with respect to both of the taxable years before us. The parties have since stipulated that the statute of limitations does not bar the assessment of tax for petitioners' 1986 taxable year. The only issue remaining for decision is whether the statute of limitations bars the assessment of tax for petitioners' 1985 taxable year. *199 During 1985, petitioner-husband (sometimes referred to as Bartol) was a beneficiary and one of 24 grantors of a grantor trust entitled Pitt Equipment Leasing Trust 85 (Pitt Trust). On April 15, 1986, Pitt Trust filed a copy of Form 1041, U.S. Fiduciary Income Tax Return, for its 1985 taxable year. On this document, the letters "N/A" appeared in the spaces that were intended for the Trust's income, deductions, and tax liability. However, attached to the Form 1041 were sheets of paper, all of which were entitled "Grantor Tax Information Letter" (the information letters). Each information letter bore the name of a different beneficiary, and each instructed that beneficiary to "Enter the amounts listed below on your U.S. Income Tax Return." The information letter that bore Bartol's name indicated that his portion of the Trust's loss equaled $ 28,898. Petitioners filed a joint income tax return for 1985 on June 30, 1986. On this return, petitioners claimed a loss of $ 28,898 passed through to them by Pitt Trust. On December 27, 1988, petitioners executed a copy of Form 872(C), entitled "Consent to Extend the Time to Assess Tax." This form provided in part that "The amount of any *200 Federal Income tax due on any returns made by or for the above taxpayers for the periods ended December 31, 1985 may be assessed at any time on or before June 30, 1990." The parties have stipulated that "No consent to extend the time to assess tax, under the provisions of I.R.C. section 6501(c)(4), for the calendar year 1985 of Pitt Equipment Leasing Trust 85 was signed or otherwise agreed to." On October 2, 1989, the Commissioner mailed a notice of deficiency to petitioners with respect to their 1985 and 1986 income tax liabilities. As explained above, the only issue remaining for decision is whether the statute of limitations bars the assessment of tax for petitioners' 1985 taxable year. See supra p. 3. The deficiency for petitioners' 1985 taxable year resulted entirely from the adjustment of the loss passed through to petitioners from Pitt Trust in 1985. We must decide whether an assessment of tax based on the disallowance of this loss is prevented by the fact that the notice of deficiency, although otherwise timely as to petitioners, was issued to them more than three years after the filing of Pitt Trust's 1985 fiduciary income tax return. We hold that the statute of *201 limitations does not preclude Commissioner from making such an assessment here. Before discussing the statute of limitations, it is necessary briefly to describe the tax status of grantor trusts and their owners. A trust is generally taxed as a distinct entity separate form its grantors. See secs. 1(e), 651-652, 661-663. However, if the grantors possess certain powers over the trust, the trust will be treated as though it were owned by the grantors. Secs. 671-677. The parties do not dispute that Bartol was properly treated as the owner of a portion of the Trust, or that petitioners were accordingly required to take into account on their return Bartol's proportionate share of the Trust's income or loss as indicated by the Trust's fiduciary income tax return. Furthermore, neither party disputes that, as a grantor trust, Pitt Trust is not subject to income tax. See sec. 1.671-2(b), Income Tax Regs. We now turn to a discussion of relevant aspects of the statute of limitations. The general rule regarding periods of limitation is set forth in section 6501(a), which provides: (a) GENERAL RULE. -- Except as otherwise provided in this section, the amount of any tax imposed by *202 this title shall be assessed within 3 years after the return was filed (whether or not such return was filed on or after the date prescribed) * * *, and no proceeding in court without assessment for the collection of such tax shall be begun after the expiration of such period.
Thus, under section 6501(a), assessment of tax must be made within 3 years after the filing of the relevant return, absent a contrary provision elsewhere in section 6501. The only such contrary provision applicable here is section 6501(c)(4), which states that: (4) Extension by Agreement. -- Where, before the expiration of the time prescribed in this section for the assessment of any tax imposed by this title, * * * both the Secretary and the taxpayer have consented in writing to its assessment after such time, the tax may be assessed at any time prior to the expiration of the period agreed upon. * * *
As applied to the present case, section 6501(c)(4) allows the taxpayer and the Secretary to agree to extend the period during which assessment may be made, but such an agreement must be entered into before the expiration of the 3-year period provided by section 6501(a). For the following reasons, *203 we hold that petitioners and the Commissioner entered into a valid agreement under section 6501(c)(4) to extend the period of limitations for all income tax liability incurred by petitioners with respect to their 1985 taxable year. By signing the Form 872(C), petitioners consented to extend the period of limitations with respect to "the amount of any Federal income tax due on any returns made by or for the above taxpayers * * * [for petitioners' 1985 taxable year]." (Emphasis added.) Neither this language nor any other language contained on this Form 872(C) states or implies that the tax resulting from the disallowance of the loss passed through to petitioners from Pitt Trust in 1985 could not be assessed during the extended period of limitations. Nor have petitioners introduced any other evidence tending to show that they intended to exclude such an assessment from the scope of their agreement. We therefore hold that the Form 872(C) extended until June 30, 1990, the period of limitations for petitioners' 1985 taxable year with respect to every type of income, deduction, credit, or other item relating to the income tax, including the loss passed through to petitioners from *204 Pitt Trust. Moreover, petitioners, not Pitt Trust, were the proper parties to enter into a section 6501(c)(4) agreement regarding the assessment of tax based on items passed through to petitioners from the Trust. Section 6501(c)(4) requires the "taxpayer" to consent to the extension of the period allowed for assessments. The word "taxpayer" must refer to petitioners. First, as individuals, they are subject to the income tax. By contrast, Pitt Trust cannot be the "taxpayer" referred to in section 6501(c)(4), because it is a grantor trust, which is not liable for income taxes. See supra p. 5. Second, even if Pitt Trust were subject to the income tax, it is petitioners rather than the Trust against whom the Commissioner seeks to assess tax, and it is petitioners who consented to the extension of the time for the assessment of that tax. Thus, petitioners may not be heard to argue that their consent to extend the period of limitations was invalid. Finally, petitioners' execution of the Form 872(C) was timely. Under section 6501(c)(4), an agreement to extend the period of limitations is not valid unless it is entered into before the expiration of the period prescribed elsewhere *205 in section 6501. Here, that period was the 3-year period following the filing of the appropriate return. Sec. 6501(a). Two returns were involved in this case: the Trust's 1985 fiduciary income tax return, filed on April 15, 1986, and petitioners' 1985 income tax return, filed on June 30, 1986. But "the relevant return for purposes of determining the statute of limitations is the return of the taxpayer against whom the tax is sought." Bufferd v. Commissioner, 952 F.2d 675,     (2d Cir. 1992), affg. T.C. Memo. 1991-170. Even if this were not so, both of the returns involved in this case were filed less than three years before December 27, 1988, on which date petitioners executed the Form 872(C). Therefore, regardless of which of the two returns is considered to have started the running of the period of limitations, the Form 872(C) was timely executed by petitioners. The result reached herein is in accord with results reached in similar cases involving other pass-through entities, such as partnerships and S corporations (formerly referred to as "subchapter S corporations"). [4] This Court, as well as others, has held that the filing of returns *206 by a partnership or S corporation did not start the running of the period of limitations of the partner or shareholder. Bufferd v. Commissioner, supra at    ; Siben v. Commissioner, 930 F.2d 1034 (2d Cir. 1991) (partnership), affg. T.C. Memo. 1990-435; Durovic v. Commissioner, 487 F.2d 36, 38-40 (7th Cir. 1973) (partnership), affg. on this issue 54 T.C. 1364 (1970); Stahl v. Commissioner, 96 T.C. 798 (1991) (partnership); Fehlhaber v. Commissioner, 94 T.C. 863 (1990) (S corporation), affd.    F.2d     (11th Cir. 1992). Similarly, the expiration of the 3-year period following the filing of Pitt Trust's fiduciary income tax return did not affect the period of limitations with respect to petitioners' 1985 taxable year. *207 To be sure, the Ninth Circuit has held that the Commissioner "may not adjust a shareholder's return based on an adjustment to an S corporation's return when the statute of limitations has run on the S corporation's return." Kelley v. Commissioner, 877 F.2d 756, 759 (9th Cir. 1989), revg. and remanding a Memorandum Opinion of this Court. However, in Fehlhaber v. Commissioner, supra, we explicitly rejected this aspect of Kelley. Petitioners analogize this case to Fendell v. Commissioner, 906 F.2d 362 (8th Cir. 1990), revg. 92 T.C. 708 (1989). The taxpayer-husband in that case was the income beneficiary of a trust. The taxpayers had consented to the extension of the periods of limitations for 1975 and 1977, while the trust had not done so. In holding that the consent was ineffective, the Court stated that -- in order for the Commissioner to adjust tax liability, he must be able to do so at the source of income, here the Trust, or will be prevented from doing so at the point where the income is distributed, in this case the beneficiary of the Trust.
Fendell v. Commissioner, supra at 364. *208 Fendell is sharply distinguishable because it involved a complex trust instead of the grantor trust present in this case. A complex trust is a separate taxpayer subject to the income tax. Sec. 1(e). But as previously stated, see supra p. 5, a grantor trust is not subject to the income tax. Instead, all of the income and deductions pertaining to a grantor trust must be taken into account by the grantor. See secs. 671-677. A grantor trust is thus not a separate taxable entity, and cannot be considered the "source" of an item of income or loss in the sense considered by the Court in Fendell. See Siben v. Commissioner, supra at 1038 (because partnerships are not separately taxable apart from their partners, the rule contained in Fendell does not apply to partnerships).[5]
*209 Petitioners rely on a distinction between grantor trusts that are required to file a return and those that are not so required. It is true that some grantor trusts with respect to which there is an identity or similarity of interests between the grantors and the trustees are not required to file a return. See secs. 1.6012-3(a)(9) and 1.671-4(b), Income tax Regs. And it is also true that Pitt Trust did not qualify as a grantor trust that was not required to file a return. However, the fact that Pitt Trust was required to file a return does not make the Trust a taxable entity. S corporations and partnerships are also required to file informational returns substantially similar to those filed by Pitt Trust, and we have already established that the former are not taxable entities. See supra note 4. We attach no importance to the fact that Pitt Trust was required to file a return. Because petitioners executed a valid and unrestricted consent to extend the period of limitations for their 1985 taxable year, the notice of deficiency for that year was timely issued, and the assessment of tax is therefore not barred by the statute of limitations. Decision will be entered under *210 Rule 155.
Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code as amended for the taxable years at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. The Commissioner states that "The addition to tax for substantial understatement of liability (section 6661) will not be resolved until after the final outcome of Shea↩", presumably suggesting that the matter will be resolved by the parties upon submission of an agreed decision under Rule 155. Petitioners have not controverted the Commissioner's statement.
3. Unless otherwise indicated, the use in this opinion of the phrase "assessment of tax" with respect to a particular taxable year shall refer to the assessment of a deficiency, additions to tax, increased interest, and any other interest for which the taxpayer is liable with respect to that year.↩
4. Like grantor trusts, no tax is generally imposed on a partnership or S corporation; instead, individual items of income, credit,loss, and deduction pass through directly to the partners or shareholders. See secs. 701-702, secs. 1363-1366.↩
5. Since we have found Fendell↩ distinguishable, we need not consider whether we will follow it in cases appealable to Courts of Appeal other than the Court of Appeals for the Eighth Circuit, even where a complex trust is involved.