LLOYD H. AND ELIZABETH C. OLSON, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Olson v. Commissioner
Docket No. 11184-90
United States Tax Court
T.C. Memo 1992-711; 1992 Tax Ct. Memo LEXIS 785; 64 T.C.M. (CCH) 1524; December 15, 1992, Filed *785 An appropriate order will be issued denying petitioners' motion for summary judgment. For Petitioners: Richard B. Skolnik. For Respondent: Howard Levy. SCOTT SCOTT MEMORANDUM OPINION SCOTT, Judge: This case was assigned to Special Trial Judge Larry L. Nameroff pursuant to section 7443A(b) of the Code [1] and Rules 180, 181, and 183. The Court agrees with and adopts the opinion of the Special Trial Judge, which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE NAMEROFF, Special Trial Judge: This case is before us on petitioners' motion for summary judgment filed January 27, 1992, pursuant to Rule 121. Respondent determined a deficiency in petitioners' Federal income tax for 1981 in the amount of $ 115,792, and additions to tax of $ 8,306 under section 6653(a)(1), 50 percent of the interest due on $ 115,792 under section 6653(a)(2), and $ 34,737 under section 6659. Respondent *786 also determined that interest is to be calculated under section 6621(c) as to the entire deficiency. The parties have entered into a stipulation of partial agreement settling all issues, contingent upon our decision as to the period of limitations issue raised in petitioners' motion for summary judgement. In the stipulation of partial agreement, petitioners conceded the deficiency in full and the application of section 6621(c), while respondent conceded the additions to tax. Nevertheless, petitioners, in their motion for summary judgment and reply to respondent's objection to petitioners' motion for summary judgement, raise issues other than the expiration of the period of limitations. We hold that petitioners are bound by their stipulation of partial agreement and are precluded from raising any other issues. Thus, the sole issue for decision is whether the period of limitations on assessment applicable to a beneficiary's distributive share of a grantor trust's items is controlled by the filing of the trust's return, or by the filing of the beneficiary's individual income tax return, as extended by any agreements relating thereto. Petitioners contend that the applicable period *787 of limitations is governed by the filing of the grantor trust's return. Conversely, respondent contends that the period of limitations is controlled by the filing of the beneficiary's individual income tax return. The parties have submitted this case fully stipulated and there is no material dispute regarding the facts. Petitioners resided in Rolling Hills, California, at the time of the filing of the petition herein. Petitioners are the grantors and beneficiaries of the Olson Family Trust (the Trust), a revocable trust. Petitioners, pursuant to the provisions of sections 671-679, are treated as the owners of the Trust and, as such, are required to report on their individual income tax return all items of income, loss, deduction, and credit either attributable to the Trust or to assets owned by the Trust. The Trust filed a Form 1041 (U.S. Fiduciary Income Tax Return) for its 1981 tax year on September 16, 1982. On this return, the Trust reported its distributive share of losses and credits resulting from its investment in Mandeville Petroleum, Ltd. (Mandeville), an oil and gas partnership. Thereafter, on January 18, 1985, and January 31, 1985, the Trust and respondent, respectively, *788 executed a Form 872-A (Special Consent to Extend the Time to Assess Tax) extending the period for assessment for the 1981 tax year until the occurrence of one of several events, including the mailing or receipt by respondent of a Form 872-T (Notice of Termination of Special Consent to Extend the Time to Assess Tax). Subsequently, a Form 872-T was executed by respondent on November 26, 1985, terminating the Form 872-A. Pursuant to the terms of the Form 872-A, respondent may assess a deficiency within 90 days after the termination. On November 27, 1985, respondent mailed the Trust a "no change letter" regarding its Form 1041 for the 1981 tax year, and, on December 30, 1987, petitioners, as trustees of the Trust, and respondent entered into a closing agreement pertaining to the tax consequences of the Trust's investment in Mandeville. Petitioners, on their joint 1981 return, filed June 14, 1982, claimed their distributive share of the Trust's losses and credits from its investment in Mandeville. On May 23, 1983, respondent issued petitioners a "30-day letter" with respect to items other than Mandeville items on their 1981 income tax return. [2] On January 10, 1985, and January 29, *789 1985, petitioners and respondent, respectively, executed a Form 872-A for petitioners' 1981 taxable year. A Form 872-A(C) was executed by petitioners and respondent on January 18, 1985, and January 30, 1985, respectively. No Form 872-T was sent to, or received from petitioners, with respect to the Form 872-A in effect for 1981. Respondent determined adjustments with respect to Mandeville which flowed through the Trust to petitioners, and mailed petitioners a notice of deficiency for 1981 reflecting these adjustments on April 10, 1990. On that date the period for assessment of a deficiency with respect to petitioners' Form 1040 for 1981 was still extended, but the period for assessment of a deficiency with respect to the Trust's Form 1041 for 1981 had long since expired. Section 6501(a) generally provides that "the amount of any tax imposed by this title shall be assessed within 3 years after the return was *790 filed". The parties disagree as to which return section 6501(a) refers, where the taxpayer challenges a deficiency attributable solely to his investment via a grantor trust for which an information return must be filed pursuant to section 1.671-4(a), Income Tax Regs. Thus, the question is whether the return referred to in section 6501(a) is that of the taxpayer or that of the grantor trust (or other "source entity") from which the taxpayer's disputed items are derived. This Court has recently addressed the identical issue in Lardas v. Commissioner, 99 T.C.    , (1992) (Court reviewed), which opinion is also appealable to the Ninth Circuit. In Lardas, we reaffirmed our position that the relevant return for determining whether, at the time a notice of deficiency was issued, the period for assessment has expired under section 6501(a) "is that of petitioner against whom respondent has determined a deficiency." Id., slip opinion at 5 (quoting Fehlhaber v. Commissioner, 94 T.C. 863, 868 (1990) (Court reviewed), affd. 954 F.2d 653 (11th Cir. 1992)). This position has been consistently maintained by this Court *791 without regard to the source entity involved. See id.; Bufferd v. Commissioner, T.C. Memo. 1991-170, affd. 952 F.2d 675 (2d Cir. 1992), cert. granted     U.S.    , 112 S. Ct. 2990 (1992); Kelley v. Commissioner, T.C. Memo. 1986-405, revd. and remanded 877 F.2d 756 (9th Cir. 1989) (S corporations); Siben v. Commissioner, T.C. Memo. 1990-435, affd. 930 F.2d 1034 (2d Cir. 1991) (partnerships); Stahl v. Commissioner, T.C. Memo. 1990-320, related case 96 T.C. 798 (1991), and Fendell v. Commissioner, 92 T.C. 708 (1989), revd. 906 F.2d 362 (8th Cir. 1990) (complex trust); Bartol v. Commissioner, T.C. Memo. 1992-141 (grantor trust). In Lardas, we distinguished Kelley v. Commissioner, supra, in which the Ninth Circuit held that the Commissioner may not adjust a taxpayer-shareholder's individual income *792 tax return based upon an adjustment to an S corporation's information return when the period of limitations had run as to the S corporation's return. We decided that although Kelley is controlling where the source entity is an S corporation, it is not clear whether the Ninth Circuit would disagree with our conclusion that, where the source entity is a grantor trust, the return referenced by section 6501(a) is that of the taxpayer. Kelley v. Commissioner, supra.We have decided that the Golsen doctrine is inapplicable to the instant case, and thus, we are not bound to follow the Ninth Circuit's holding in Kelley. Therefore, we are free to decide the case as we deem correct. Id.; see also Golsen v. Commissioner, 54 T.C. 742 (1970), affd. 445 F.2d 985 (10th Cir. 1971). Accordingly, respondent's notice of deficiency was timely issued, as the period of limitations with respect to petitioners' tax return had not expired. An appropriate order will be issued denying petitioners' motion for summary judgment.
Footnotes
1. All section references are to the Internal Revenue Code. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. The record does not reflect the disposition of the proposed deficiency set forth in the 30-day letter.↩