JAMES R. BUTLER AND SHARI F. BUTLER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Butler
Docket No. 5683-85
United States Tax Court
T.C. Memo 1992-499; 1992 Tax Ct. Memo LEXIS 524; 64 T.C.M. (CCH) 627; September 2, 1992, Filed As Corrected September 3, 1992. *524 Held: The period of limitations upon assessment applicable to a partner's distributive share of partnership items is controlled by the filing of the partner's individual income tax return, as extended by any agreements relating thereto. See Siben v. Commissioner, 930 F.2d 1034 (2d Cir. 1991), affg. T.C. Memo. 1990-435; Stahl v. Commissioner, 96 T.C. 798 (1991). For Petitioners: Declan J. O'Donnell. For Respondent: Randall L. Preheim. WHITAKER
WHITAKER
MEMORANDUM FINDINGS OF FACT AND OPINION WHITAKER, Judge: This matter is before the Court on petitioners' motion for summary judgment filed pursuant to Rule 121. [1] Respondent determined a deficiency in James R. and Shari F. Butler's (petitioners) Federal income tax for the taxable year ending December 31, 1979, in the amount of $ 17,838. [2]
*525 A notice of deficiency was mailed to petitioners on December 10, 1984. Petitioners resided in Las Vegas, Nevada, at the time the petition herein was filed. The issue for decision is whether the period of limitations upon assessment applicable to a partner's distributive share of partnership items is controlled by the filing of the partnership's information return, or by the filing of the partner's individual income tax return, as extended by any agreements relating thereto. [3]
FINDINGS OF FACT Petitioners were validly subscribed members of Lion Fuel & Investment Co. (Lion Fuel), a limited partnership, for the taxable year ending December 31, 1979. Petitioners filed their 1979 individual income tax return on April *526 15, 1980. Lion Fuel timely filed its 1979 partnership information return. On November 15, 1982, petitioners executed a Form 872-A, thereby extending the time to assess individual income tax against petitioners for the taxable year 1979. Pursuant to Form 872-A, the amount of income tax due for a taxable year may be assessed on or before the 90th day after: (1) Respondent receives a notice of termination from petitioners, (2) respondent mails a notice of termination to petitioners, or (3) respondent mails a notice of deficiency for the applicable period. Respondent neither received a notice of termination from petitioners, nor mailed a notice of termination to petitioners, for the taxable year at issue. Consequently, as of December 10, 1984, the period of limitations upon assessment had not expired with respect to petitioners' taxable year 1979. Conversely, as of December 10, 1984, more than 3 years had elapsed since the filing of Lion Fuel's 1979 partnership information return. On April 13, 1992, petitioners filed a motion for summary judgment asserting that the period of limitations upon assessment had expired with respect to their distributive share of losses, deductions, *527 and credits from Lion Fuel prior to the issuance of the notice of deficiency. [4]
OPINION The sole issue for decision is whether the period of limitations upon assessment applicable to a partner's distributive share of partnership items is controlled by the filing of the partnership's *528 information return, or by the filing of the partner's individual income tax return, as extended by any agreements relating thereto. Petitioners contend that the period of limitations is controlled by the filing of the partnership's information return. Conversely, respondent contends that the period of limitations is controlled by the filing of the partner's individual income tax return. Respondent agrees that there is no genuine issue as to any material fact relating to the applicable period of limitations upon assessment, and that a decision on this issue may be rendered as a matter of law. See Rule 121(b). Petitioners cite , revg. and remanding , as authority for the proposition that the period of limitations upon assessment applicable to a partner's distributive share of partnership items is controlled by the filing of the partnership's information return. In , the Ninth Circuit held that the Commissioner may not adjust a taxpayer-shareholder's individual income tax return based upon an adjustment to a subchapter S *529 corporation's information return when the period of limitations had run as to the subchapter S corporation's return. . We previously considered and rejected the Ninth Circuit's decision in Kelley in determining the period of limitations applicable to a partner's distributive share of partnership items. In , we held that the filing of a partnership information return does not affect the period of limitations upon assessment applicable to the determination of a deficiency against individual partners of a partnership. Similarly, in , affg. , the Second Circuit held that the applicable period of limitations was controlled by the partners' individual income tax returns rather than by the partnership return. See also , affg. on this issue . We consider , and , to be dispositive *530 of this issue; consequently, we hold that the period of limitations upon assessment applicable to a partner's distributive share of partnership items is controlled by the filing of the partner's individual income tax return, as extended by any agreements relating thereto. In accordance with the holding set forth above, petitioners' motion for summary judgment will be denied. An appropriate order will be issued. Footnotes
1. Unless otherwise noted, all Rule references are to the Tax Court Rules of Practice and Procedure, and all section references are to the Internal Revenue Code of 1954 in effect for the year in issue. ↩
2. In her answer, respondent asserts that a portion of the deficiency constitutes a substantial underpayment attributable to a tax-motivated transaction and, therefore, is subject to the increased rate of interest provided for in sec. 6621(d).↩
3. The taxable year at issue antedates the enactment of secs. 6221-6233 which provide that the tax treatment of partnership income, loss, deductions, and credits is to be determined at the partnership level in a unified partnership proceeding for partnership taxable years beginning after Sept. 3, 1982.↩
4. On Apr. 14, 1992, petitioners filed an amended petition wherein it was represented that "the parties have settled all issues on the merits of the case in a proposed Stipulation, subject to a determination of jurisdiction as requested herein." Similarly, in the motion for summary judgment, petitioners represent that "no trial on the merits is expected because the parties have executed a Stipulation, subject to jurisdiction." In the notice of objection to motion for summary judgment, however, respondent asserts that neither a stipulation of settled issues nor a closing agreement has been executed by the parties. Consequently, petitioners' motion for summary judgment is properly viewed as a motion for partial summary judgment. See Rule 121(c).↩